IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-145-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DERRICK DEVON KING | ) | |

This matter is before the Court on defendant's motion for early termination of his term of supervised release. [DE 53]. The government has responded in opposition, and the matter is ripe for ruling.

After pleading guilty to one count each of sale of a firearm to a convicted felon and distribution of more than five grams of crack cocaine, defendant was sentenced on June 30, 2008, to a term of 60 months' imprisonment followed by a term of five years' supervised release. [DE 46]. Defendant began his term of supervised release in September 2012. Defendant now seeks early termination of his supervised release term, which is scheduled to end in September 2017. Defendant argues, among other reasons, that he has had not failed a single urinalysis, has sustained employment, has paid his financial responsibilities, and has successfully reintegrated into society and family life. [DE 53].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553(a). Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The

conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

While the Court commends defendant for his behavior, all defendants are required to comply fully with the terms of their supervised release, and such compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Upon review of defendant's motion and consideration of the relevant § 3553(a) factors, the Court finds that defendant's supervised release term remains sufficient but not greater than necessary to serve the interests of justice. Accordingly, in its discretion, the Court declines to terminate defendant's term of supervised release early. Defendant's motion is DENIED. [DE 53].

SO ORDERED, this _14_ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:07-cr-00145-BO   Document 57   Filed 04/14/16   Page 2 of 2